UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA M. KINKAID,

    Plaintiff,

v.                          Case No. 8:11-cv-2288-T-33MAP

ALLIED INTERSTATE, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Allied Interstate, LLC's Motion to Dismiss Plaintiff's Complaint with Prejudice for Failure to State a Claim upon Which Relief Can Be Granted (Doc. # 9), filed on December 28, 2011. Plaintiff Christina M. Kinkaid filed a response in opposition to the Motion (Doc. # 11) on January 3, 2012. Having considered the parties' arguments and being otherwise fully advised, the Court grants the Motion to Dismiss.

I. **Background**

Kinkaid filed suit against Allied on October 11, 2011, alleging violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. (Doc. # 1). Kinkaid's Complaint for Damages and Incidental Relief alleges that Allied sent Kinkaid a "dunning letter" for the purposes of collecting $625.05 that Kinkaid purportedly owed HSBC Bank

Nevada N.A. (Id. at ¶¶ 6-8). A copy of the letter is attached to the Complaint as Exhibit A. (Id. at 10).

The letter states, in pertinent part:

> Unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify this office **in writing** within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us **in writing** with 30 days after receiving this notice, we will provide you with the name and address of the original creditor if different from the current creditor.

(Id. at ¶ 11) (emphasis supplied by Plaintiff). Kinkaid alleges that Allied violated § 1692g of the FDCPA by failing to inform her of her right to debt verification in a manner that was not reasonably calculated to confuse or frustrate the least-sophisticated consumer. (Id. at ¶ 18). "In particular, defendant implied to the least sophisticated consumer that he/she had to notify defendant 'in writing' in order to dispute the validity of the purported debt in contravention of the plain language of the FDCPA." (Id.).

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings. "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written

instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Thus, the Court may consider Exhibit A to the Complaint without converting the Motion to Dismiss into one for summary judgment.

**III. Analysis**

Allied moves to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (Doc. # 3). Specifically, Allied asserts that no cause of action exists under the FDCPA for including language in a debt collection letter that is virtually identical to the language in the statute. (Id. at ¶ 6).

"Section 1692g of the FDCPA requires that a debt collector send a validation notice to the debtor, informing the debtor that he or she has thirty days to dispute the debt and to request the name and address of the original creditor." Elliot v. GC Servs., LP, No. 8:10-cv-1976-T-24TBM, 2011 WL 5975671, at *4 (M.D. Fla. Nov. 28, 2011). The statute states, in pertinent part:

> 1692g. Validation of debts
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in

> connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> > (1) the amount of the debt;
> > (2) the name of the creditor to whom the debt is owed;
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). In other words, §§ 1692g(a)(4) and (5) impose an "in writing" requirement but § 1692g(a)(3) does not.

The language in Allied's Validation Notice correlates to language of the statute: The second and third sentences, which include the words "in writing," mirror §§ 1692g(a)(4) and (5). The first sentence, pursuant to § 1692g(a)(3), does not include the words "in writing." The question before this Court is whether the language in Allied's Validation Notice--which

tracks the statutory language almost verbatim, with only minor alterations--is misleading or deceptive.

In order to make that determination, the Court must consider the language in the Validation Notice from the perspective of the "least-sophisticated consumer." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985). The least-sophisticated consumer standard is more protective than the "reasonable consumer" standard developed under the Truth in Lending Act and is designed to protect the gullible as well as the shrewd. Id. at 1173.

However, the standard "has an objective component in that while protecting naive consumers, [it] also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010) (internal quotations and citations omitted). In applying this standard to determine whether Kinkaid has stated a plausible claim for relief, the Court must presume "that the 'least-sophisticated consumer' possesses a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Hepsen v. Resurgent Capital Servs., LP, 383 F. App'x 877, 881 (11th Cir. 2010).

Kinkaid insists that Allied's letter, when read as a whole, leads the least-sophisticated consumer to believe that he or she must notify Allied in writing in order to dispute the validity of the debt pursuant to § 1392g(a)(3). (Doc. # 11 at 7). For support she cites a number of cases, particularly <u>Camacho v. Bridgeport Financial, Inc.</u>, 523 F.3d 973 (9th Cir. 2005). However, <u>Camacho</u> involved a letter in which the debt collector had specifically added an "in writing" requirement; the question before the Court was whether § 1692g(a)(3) implicitly required consumers to dispute debts in writing--not whether the language in the letter might be confusing. <u>Id.</u> at 976; <u>see also</u> <u>Baez v. Wagner & Hunt, P.A.</u>, 442 F. Supp. 2d 1273, 1276-77 (S.D. Fla. 2006) (discussing <u>Camacho</u> and finding that the addition of the phrase "in writing" to language adopted from § 1692g(a)(3) violated the FDCPA). The Court finds these cases to be inapposite as Kinkaid does not allege that Allied added such language in its letter.

Furthermore, courts have held that debt collectors should not be penalized for stating the mandatory language of § 1692g verbatim. <u>Hinckle v. Northland Grp., Inc.</u>, No. CV 311-084, 2011 WL 6748504, at *4 (S.D. Ga. Nov. 22, 2011). "To permit such a claim would place debt collectors in an impossible situation, in that they would necessarily violate § 1692e's

proscription on deceptive representations by including the language and would necessarily violate § 1692(e)(11) by leaving it out." Id.

Kinkaid contends that simply tracking the language of the statute is insufficient to comply with the validation requirement, citing Swanson v. Southern Oregon Credit Services, Inc., 869 F.2d 1222 (9th Cir. 1988) and Muha v. Encore Receivable Management, Inc., 558 F.3d 623 (7th Cir. 2009). However, Swanson involved a letter in which the Validation Notice was allegedly inconspicuous and overshadowed by other language, and Muha involved a letter that included a statement preceding the Validation Notice that was allegedly false. Again, the Court finds these cases to be inapposite to the facts of this case as Kinkaid does not make such allegations with regard to Allied's Verification Notice.

The crux of Kinkaid's argument is that Allied confused the least-sophisticated consumer by including all elements of the Validation Notice in a single paragraph. She asserts that by placing the requirements of § 1692g(a)(3), (4) and (5) in separate enumerated paragraphs, Congress evinced its intent that the paragraphs be read separately and given separate meaning. By placing the three sentences in one paragraph, Allied allegedly changed that meaning. (Doc. # 11 at 12-13).

In support of this argument, Kinkaid cites Register v. Reiner, Reiner & Bendett, PC, 488 F. Supp. 2d 143 (D. Conn. 2007). Kinkaid asserts that the Register court found the defendant's collection letter led consumers to believe a dispute had to be put in writing because the letter's language tied together all of the sentences in the Validation Notice. (Doc. # 11 at 12). Kinkaid further argues that Allied's letter is "remarkably similar" to the letter in Register. However, the language of the letter in Register did not track the language of the statute, and the defendant conceded that the letter was worded to impose an "in writing" requirement. Id. at 146-47. As with Camacho, the Court finds Register to be inapposite to this case.

The Court finds nothing in the language of the statute to support Kinkaid's theory that the sentences prescribed by § 1692g must be set forth in separate paragraphs. Furthermore, the Court remains unconvinced that the language in Allied's Validation Notice is confusing to the least-sophisticated consumer from an objective perspective. Kinkaid has not alleged that Allied added to, fundamentally altered, overshadowed or obscured the language in the Validation Notice. Accordingly, the Court finds that the Complaint fails to specify sufficient facts to raise a right to relief above

a speculative level. See, e.g., <u>Mahan v. Lab. Corp. of Am.</u>, No. 10-00426-KD-M, 2011 WL 836674, at *2 (S.D. Ala. Mar. 9, 2011) (dismissing § 1692g claim because only a consumer "who carelessly read the notice" could be confused by it).

Accepting the allegations in the Complaint as true and construing them in the light most favorable to Kinkaid, the Court finds that Kinkaid has failed to state a plausible claim for relief under the FDCPA. The Court therefore grants Allied's Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Allied Interstate, LLC's Motion to Dismiss Plaintiff's Complaint with Prejudice for Failure to State a Claim upon Which Relief Can Be Granted (Doc. # 9) is **GRANTED**. This matter is dismissed. The Clerk is directed to enter judgment in favor of Defendant and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of May, 2012.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record